UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RYAN NOAH SHAPIRO,                              )
c/o Law Office of Jeffrey L. Light             )
1712 Eye St., NW, Suite 915                    )   Judge _____
Washington, DC 20006,                          )   Civil Action No. _____
                                               )
            PLAINTIFF                          )
      vs.                                       )
                                               )
DEPARTMENT OF JUSTICE,                          )
950 Pennsylvania Ave., NW                       )
Washington, DC 20530                            )
                                               )
                                               )
            DEFENDANT                           )
                                               )
                                               )

**<u>COMPLAINT</u>**

<u>THE PARTIES</u>

1.      Plaintiff Ryan Noah Shapiro is a Ph.D. candidate in the Program in History, Anthropology, & Science, Technology, and Society (HASTS) at the Massachusetts Institute of Technology. Plaintiff is an historian of national security, the policing of dissent, and governmental transparency.

2.      Plaintiff seeks access to certain public records to write popular news and/or scholarly articles for distribution to the academic and general public. His connections and relationships with a wide range of domestic and international media organizations will ensure that any story he drafts based on the information contained in these documents will be published and reprinted.

3.      Defendant Department of Justice (DOJ) is an agency of the United States.

4.      The Federal Bureau of Investigation (FBI) is a component of Defendant DOJ.

5.      The Office of Information Policy (OIP) is a component of Defendant DOJ.

6.      The FBI and DOJ have possession, custody and control of the records Plaintiff

seeks.


JURISDICTION AND VENUE

7.      This action arises under the Freedom of Information Act ("FOIA"), 5 USC § 552.

8.      This Court has jurisdiction over the parties and subject matter pursuant to 5 USC

§ 552(a)(4)(B).

9.      Venue is proper in this district pursuant to 5 USC § 552(a)(4)(B).


RELATED CASE

10.      This case involves common issues of fact with *Shapiro v. Department of Justice*,

Case No. 13-cv-729 (PLF).

11.      The instant case and Case 13-729 involve overlapping factual questions about the

nature of the FBI's search for records in each case. Specifically, in both cases, the FBI searched

its Central Records System (CRS) by relying on a single application that solely conducts

outdated and limited index-based searches. Further, in both cases, the FBI refused to conduct a

search of its CRS using any of the more modern and comprehensive search tools available to the

FBI.

12.      Thus there is significant overlap between the instant case and Case 13-729 in

terms of the factual record relating to the FBI's computer applications for searching the CRS.

## STATEMENT OF FACTS

## **BACKGROUND**

13.     Operation Mosaic was an FBI research and public relations effort to document and publicly highlight perceived difficulties for the FBI caused by the 1974 amendments to the Freedom of Information Act. The FBI conducted Operation Mosaic in the interest of securing legislation to limit the applicability of the newly amended FOIA to the FBI, as well as to justify unilateral FBI measures to limit Bureau disclosures under FOIA.

14.     The FBI initiated Operation Mosaic in the mid-to-late 1970s.

15.     In a 1982 article, then-Director of the FBI William Webster wrote, "Not too long ago, we ran a test called 'Operation Mosaic.' We reviewed FOIA materials that already had been released. The exemptions had been applied, and the material released was what we thought was safe material. But we discovered that seemingly innocuous information can be combined with records released at a different time or with the requester's personal knowledge. This could reveal clues as to the identity of FBI sources or the extent of an FBI investigation. Obviously, our FOIA analysts have no way of knowing what information each requester possesses."

16.     The FBI "Research Unit, Office of Congressional and Public Affairs," and the FBI "Freedom of Information-Privacy Acts Section, Records Management Division," assisted in the preparation of this article.

17.     A copy of this article is contained in FBI file 94-HQ-69979.

18.     The "94" in the file number 94-HQ-69979 indicates that the file is part of the "94" classification, euphemistically referred to by the FBI as "Research Matters and General Correspondence."

19.     The 94 classification contains records relating to the FBI's self-promotion and aggressive public-relations program.

20.     Plaintiff submitted a series of FOIA requests to obtain records on Operation Mosaic, the FBI's mosaic study, file 94-HQ-69979, and other 94 files relating to FOIA. After the FBI improperly denied these requests and OIP affirmed, Plaintiff submitted FOIA requests to the FBI and OIP for records relating to the processing of these FOIA requests.

## PLAINTIFF'S FOIA REQUESTS

Operation Mosaic

21.     Plaintiff submitted a FOIA request on June 5, 2014 for records relating to Operation Mosaic.

22.     In a letter dated June 19, 2014, the FBI assigned the request tracking number 1272573-000.

23.     In a letter dated July 21, 2014, the FBI responded that it had located no responsive records.

24.     On August 31, 2014 Plaintiff administratively appealed the FBI's response.

25.     In a letter dated September 5, 2014, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2014-04469.

26.     In a letter dated November 21, 2014, OIP affirmed FBI's decision.

Operation Mosaic and Mosaic Study

27.     Plaintiff submitted a new FOIA request on December 15, 2014 for records relating to Operation Mosaic and mosaic study.

28.     In a letter dated December 22, 2014, the FBI assigned the request tracking number 1272573-001.

29.     In a letter dated April 10, 2015, the FBI responded that it had located no responsive records.

30.     On June 9, 2015 Plaintiff administratively appealed the FBI's response.

31.     In a letter dated July 6, 2015, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2015-04412.

32.     In a letter dated August 26, 2015, OIP affirmed FBI's decision.


FBI File 94-69979

33.     Plaintiff submitted a FOIA request on June 5, 2014 for records relating to FBI file 94-69979.

34.     In a letter dated June 19, 2014, the FBI assigned the request tracking number 1272678-000.

35.     In a letter dated July 24, 2015, the FBI responded by releasing to Plaintiff 49 pages of previously processed records.

36.     On September 1, 2014 Plaintiff administratively appealed the FBI's response.

37.     In a letter dated September 5, 2014, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2014-04472.

38.     In a letter dated February 3, 2015, OIP affirmed FBI's decision.


FOIA Processing Material for Plaintiff's previous FOIA requests on Operation Mosaic, mosaic study, and file 94-69979.

39.     Plaintiff submitted a FOIA request on May 11, 2016 to FBI for records relating to the processing of Plaintiff's previous FOIA requests on Operation Mosaic, mosaic study, and file 94-69979.

40.     In a letter dated May 27, 2016, the FBI assigned the request tracking number 1351095-000 and claimed that unusual circumstances existed.

41.     On June 18, 2016, Plaintiff administratively appealed FBI's claim that unusual circumstances existed.

42.     In a letter dated June 22, 2016, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2016-003773.

43.     Plaintiff submitted a FOIA request on May 11, 2016 to OIP for records relating to the processing of Plaintiff's previous FOIA requests on Operation Mosaic, mosaic study, and file 94-69979.

44.     In a letter dated June 8, 2016, OIP assigned the request tracking number DOJ-2016-002983 (OIP). OIP also stated that it was extending the time limit beyond the ten additional days permitted by statute

45.     On June 18, 2016, Plaintiff administratively appealed OIP's attempt to extend the time limit beyond the ten additional days permitted by statute.

46.     In a letter dated June 24, 2016, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2016-003739.

"Mosaic"

47.     Plaintiff submitted a FOIA request on June 5, 2014 for FBI policies, emails, and certain other records containing the word "mosaic."

48.     In a letter dated June 19, 2014, the FBI assigned the request tracking number 1272599-000. The letter also stated that the FBI considered the request overbroad. The FBI claimed that unusual circumstances applied to the processing of this FOIA request.

49.     On August 15, 2014 Plaintiff administratively appealed the FBI's response.

50.     In a letter dated August 27, 2014, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2014-04279.

51.     In a letter dated February 19, 2015, OIP affirmed FBI's decision.


"94" Files on FOIA

52.     Plaintiff submitted a FOIA request on June 5, 2014 for "94" files containing "Freedom of Information Act" or "Privacy Act" or enumerated variations thereof. Plaintiff's request sought a waiver of fees and to be considered a representative of the news media for fee purposes.

53.     In a letter dated June 19, 2014, the FBI assigned the request tracking number 1272733-000.

54.     In a letter dated October 24, 2014, the FBI denied Plaintiff's request for a fee waiver and aggregated his request with four other requests for fee purposes. The letter further advised that the FBI estimated that the duplication fees were estimated to be $34,190.

55. In another letter dated October 24, 2014, the FBI requested that Plaintiff state how much we would be willing to pay in search fees. In asking Plaintiff to pay search fees, the FBI implicitly denied Plaintiff's request to be considered a representative of the news media; representatives of the news media are not required to pay search fees.

56. On October 31, 2014, Plaintiff emailed a response to the FBI asking for estimated duplication fees solely related to 1272733-000. In his email, Plaintiff also committed to paying up to $100 in search fees solely related to this request.

57. On November 21, 2014, Plaintiff administratively appealed the FBI's denial of his fee waiver and denial of his request to be considered a representative of the news media for fee purposes, as well as other aspects of the handling of Plaintiff's FOIA request.

58. OIP assigned this appeal tracking number AP-2015-00864

59. In a letter dated February 4, 2015, OIP affirmed FBI's decision.

60. On May 5, 2016, Plaintiff again administratively appealed the FBI's response.

61. In a letter dated May 11, 2016, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2016-002955.

62. In a letter dated June 21, 2016, OIP administratively closed this appeal, claiming it was a duplicate of Plaintiff's earlier appeal.

63. In a letter dated March 26, 2015, the FBI stated that it had located no responsive records and that the request was being administratively closed.

64. On May 17, 2015, Plaintiff administratively appealed the FBI's response.

65. In a letter dated June 18, 2015, OIP acknowledged Plaintiff's appeal and assigned it tracking number AP-2015-04041.

66.     Plaintiff has not received any further correspondence with respect to AP-2015-04041. Because over 20 business days have elapsed without a determination of this appeal, Plaintiff is deemed to have exhausted his administrative remedies.


COUNT I:
VIOLATION OF FOIA

67.     This Count realleges and incorporates by reference all of the preceding paragraphs. All documents referenced in this Complaint are incorporated by reference as if set forth fully herein.

68.     The FBI has improperly withheld records responsive to FOIA request tracking numbers 1272573-000, 1272573-001, 1272678-000, 1351095-000, 1272599-000, and 1272733-000.

69.     The FBI has improperly denied Plaintiff's request for a fee waiver and to be considered a representative of the news media for fee purposes.

70.     OIP has improperly withheld records responsive to Plaintiff's FOIA requests DOJ-2016-002983 (OIP).


PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendant's failure to comply with FOIA to be unlawful;

(2) Order the FBI and OIP to disclose the records being wrongfully withheld;

(3) Declare that Plaintiff is entitled to a waiver of fees and that Plaintiff is a representative of the news media for fee category purposes;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i);

(5) Grant Plaintiff such other and further relief which the Court deems proper.


Respectfully Submitted,

  /s/ Jeffrey Light              
Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiff*